# Case Details: 50-2016-CA-007131-XXXX-MB

| | | | |
|---|---|---|---|
| **Full Name** | RAJAB, MUNIR | **Arrest Date** | |
| **Party Type** | PLAINTIFF/PETITIONER | **DOB** | |
| **Case #** | 50-2016-CA-007131-XXXX-MB | **Sex** | |
| **Citation #** | | **Race** | |
| **Booking #** | | **Division** | AJ: Circuit Civil Central - AJ |
| **Offense Date** | | **Speedy Trial Du** | |

## Court Events
No Court Events Found.

## Main Parties
**Judge:** COLIN, JUDGEMARTIN H

## Parties

| Full Name | Party Type | Sex | Race | Date of Birth | AKA | Deceased | Sheriffs # | Hair | Eyes | Height | Weight |
|---|---|---|---|---|---|---|---|---|---|---|---|
| RAJAB, MUNIR | PLAINTIFF/PETITIONER | | | | | | | | | | 0 |
| ARCTIC EXPRESS, LLC | DEFENDANT/RESPONDENT | | | | | | | | | | 0 |
| KUSTER, TIMOTHY F | DEFENDANT/RESPONDENT | | | | | | | | | | 0 |

## Charges
No Charges Found.

## Linked Cases
No Linked Cases Found.

## Sentences
No Sentences Found.

## Dockets

| Image | Seq # | Effective Date | Count | Description |
|---|---|---|---|---|
| 1 | 1 | 6/24/2016 | | CIVIL COVER SHEET |
| 1 | 2 | 6/24/2016 | | COMPLAINT |
| 1 | 3 | 6/24/2016 | | SUMMONS ISSUED |
| 1 | 4 | 6/24/2016 | | SUMMONS ISSUED |
| 1 | 5 | 6/24/2016 | | NOTICE NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND OR JOIN   F/B PLT |
| 0 | 6 | 6/28/2016 | | DIVISION ASSIGNMENT |
| 1 | 7 | 6/28/2016 | | PAID $421.00 ON RECEIPT 1726308 |
| 1 | 8 | 8/4/2016 | | SUMMONS ISSUED |
| 1 | 9 | 8/4/2016 | | SUMMONS ISSUED |
| 1 | 10 | 8/4/2016 | | COMPLAINT |
| 1 | 11 | 8/8/2016 | | PAID $20.00 ON RECEIPT 1782835 |

## Warrants/Service Docs
No Warrants/Service Docs Found.

## Bonds
No Bonds Found.

## Arrests
No Arrests Found.

EXHIBIT A

## Total Fees

**Total Amount Due: $441.00      Total Amount Paid: $441.00      Total Balance: $0.00      Total Judgment Interest: $0.00**

**Total Balance + Interest: $0.00**

## Fees

| Effective Date | Due Date | Description | Amount Due | Amount Paid | Balance | In Collections | In Judgment |
|---|---|---|---|---|---|---|---|
| 6/28/2016 | 6/28/2016 | 800FF - Circuit Civil General PB | $401.00 | $401.00 | $0.00 | | |
| 6/28/2016 | 6/28/2016 | e-Filed SMS PB | $10.00 | $10.00 | $0.00 | | |
| 6/28/2016 | 6/28/2016 | e-Filed SMS PB | $10.00 | $10.00 | $0.00 | | |
| 8/8/2016 | 8/8/2016 | e-Filed SMS PB | $10.00 | $10.00 | $0.00 | | |
| 8/8/2016 | 8/8/2016 | e-Filed SMS PB | $10.00 | $10.00 | $0.00 | | |

## Payment Plans

No Payment Plans Found.

EXHIBIT A

**** CASE NUMBER: 502016CA007131XXXXMB Division: AJ ****

Filing # 43216783 E-Filed 06/24/2016 04:07:26 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

I.   **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>MUNIR RAJAB</u>
Plaintiff

vs.

<u>ARCTIC EXPRESS, LLC, TIMOTHY F KUSTER</u>
Defendant

II.   **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more

- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## EXHIBIT A

FILED: PALM BEACH COUNTY. FL. SHARON R. BOCK. CLERK. 06/24/2016 04:07:26 PM

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
   ☒ Monetary;
   ☐ Non-monetary
   ☐ Non-monetary declaratory or injunctive relief;
   ☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (    )**
   (Specify)

   <u>4</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ Yes
   ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ No
   ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ Yes
   ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Jason S Remer</u>     FL Bar No.: <u>165580</u>
   Attorney or party                             (Bar number, if attorney)

<u>Jason S Remer 06/24/2016</u>
   (Type or print name)                          Date

EXHIBIT A

Filing # 43216783 E-Filed 06/24/2016 04:07:26 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA.

CASE NO: _____

MUNIR RAJAB,
and other similarly situated individuals,

      Plaintiff (s),

vs.

ARCTIC EXPRESS, LLC
a Florida Limited Liability Company and
TIMOTHY F. KUSTER, Individually.

      Defendant (s).

_____/

## COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, Plaintiff, MUNIR RAJAB ("Plaintiff"), on behalf of himself and other current and former similarly situated employees, by and through undersigned counsel, file this Complaint against Defendants. ARCTIC EXPRESS, LLC a Florida Limited Liability Company and TIMOTHY F. KUSTER, Individually ("Collectively Defendants") and states as follows:

### JURISDICTION

1. This is an action by the Plaintiff, and other similarly-situated individuals, for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA"), to recover unpaid overtime and minimum wage compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## EXHIBIT A

3. Plaintiff was at all times relevant to this action, and continues to be, residents in Palm Beach County, Florida. within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, ARCTIC EXPRESS, LLC, having its main place of business in Palm Beach County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, TIMOTHY F. KUSTER, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, ARCTIC EXPRESS, LLC.

6. Venue is proper in Palm Beach because all of the actions that form the basis of this Complaint occurred within Palm Beach County and payment was due in Palm Beach County.

7. Declaratory, injunctive. legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff, MUNIR RAJAB was employed with Defendant as a non-exempt truck driver from approximately October, 2014 through October 2015.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

EXHIBIT A

11. During the time period from October, 2014 through October 2015, Defendant failed to compensate Plaintiff at the required minimum wage and at rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week. Plaintiff should be compensated at the correct minimum wage and the rate of one and a half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) per week, as required by the FLSA.

12. During the relevant time period Plaintiff performed approximately fifteen (15) hours of overtime each week for which Defendants failed to pay Plaintiff at one-and-one-half times his regular rate of pay.

13. Plaintiff was paid a salary of eighty dollars and zero cents ($80.00) per day during the relevant time period.

14. At all times material hereto Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

15. Additionally, when Plaintiff MUNIR RAJAB complained to Defendants regarding unpaid minimum wage and/ or overtime wages; defendants retaliated against Plaintiff by terminating Plaintiff's employment on or about October 2015.

COUNT I
*Wage & Hour Federal Statutory Violation Against*
*ARCTIC EXPRESS, LLC*

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional

EXHIBIT A

amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

18. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

19. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

20. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

21. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

22. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

23. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

EXHIBIT A

24. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

25. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

26. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the

EXHIBIT A

circumstances.

## COUNT II
### *Wage & Hour Federal Statutory Violation Against TIMOTHY F. KUSTER*
### *(Non-Payment of Wages)*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 26 of this Complaint as if set out in full herein.

28. At the times mentioned, Defendant KUSTER was, and is now, a corporate officer of corporate Defendant ARCTIC EXPRESS, LLC.

29. Defendant KUSTER was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that Defendant KUSTER acted directly in the interests of the corporate Defendant-employer in relation to the employees of the corporate Defendant-employer, including Plaintiff.

30. The FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"[1]

31. Based on this broad definition, Defendant KUSTER, in his status as a corporate officer with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for unpaid wages."[2]

32. Defendant KUSTER willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages.

---

[1] *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)
[2] *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir.1986)

EXHIBIT A

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant **AMSELLEM:**

   a.   Adjudge and decree that Defendant **KUSTER** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   b.   Adjudge and decree that Defendant **KUSTER** is an individual with operational control and is, thus, jointly and severally liable under the FLSA for unpaid wages at issue;

   c.   Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

   d.   Award Plaintiff an equal amount in double damages/liquidated damages; and

   e.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

   f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

   g.   Grant Plaintiff a Trial by Jury.

## COUNT III
### FLSA Retaliation Violation Against ARCTIC EXPRESS, LLC

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 32 of this complaint as if set out in full herein.

34. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

35. By terminating Plaintiff after his engagement in protected activity (complaint for unpaid wages) Defendant ARCTIC EXPRESS, LLC.'s conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

36. The motivating factor that caused Plaintiff's adverse employment action (termination) as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

37. Defendant ARCTIC EXPRESS, LLC.'s conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant HARBOR PITA, INC:

A. Adjudge and decree that Defendant ARCTIC EXPRESS, LLC has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant ARCTIC EXPRESS, LLC for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages;

C. Enter judgment against the Defendant ARCTIC EXPRESS, LLC. for all front wages;

D. Enter an award against Defendant ARCTIC EXPRESS, LLC and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff a Trial By Jury.

EXHIBIT A

## COUNT IV
### *FLSA Retaliation Violation Against TIMOTHY F. KUSTER*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37, of this complaint as if set out in full herein.

39. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

40. By terminating Plaintiff after his enegagement in protected acitivty (complaint for unpaid wages), Plaintiff's FLSA right against retaliation was violated.

41. As stated above, the FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"

42. Based on this broad definition, Defendant **KUSTER**, in his status as an individual with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for claims, such a retaliation.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant **SHOOK:**

A. Adjudge and decree that Defendant **KUSTER**, in his status as an individual with operation control is deemed jointly and severally liable for Plaintiff's retaliation claim;

EXHIBIT A

B. Enter judgment against the Defendant **KUSTER** for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages;

C. Enter judgment against the Defendant **KUSTER** for all front wages;

D. Enter an award against Defendant **KUSTER** and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff a Trial By Jury.

<u>JURY DEMAND</u>

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated _____6 - 24 -16_____

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

EXHIBIT A

Filing # 43216783 E-Filed 06/24/2016 04:07:26 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA.

CASE NO: _____

MUNIR RAJAB,
and other similarly situated individuals,

      Plaintiff (s),

vs.

ARCTIC EXPRESS, LLC
a Florida Limited Liability Company and
TIMOTHY F. KUSTER, Individually.

      Defendant (s).

_____ ___ ____ ____ ___/

SUMMONS IN A CIVIL CASE

**TO:** ARCTIC EXPRESS, LLC, through its Registered Agent:

KUSTER, TIMOTHY F
4012 CYPRESS LANDING S.
WINTER HAVEN, FL 33884

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      JASON S. REMER, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

Jun 28 2016
DATE

*Shannon Fatu*
(BY) DEPUTY CLERK
**SHANNON FATU**

**EXHIBIT A**

FILED: PALM BEACH COUNTY. FL. SHARON R. BOCK. CLERK. 06/24/2016 04:07:26 PM

Filing # 43216783 E-Filed 06/24/2016 04:07:26 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA.

CASE NO: _____

MUNIR RAJAB,
and other similarly situated individuals,

  Plaintiff (s),

vs.

ARCTIC EXPRESS, LLC
a Florida Limited Liability Company and
TIMOTHY F. KUSTER, Individually.

  Defendant (s).

_____/

## SUMMONS IN A CIVIL CASE

**TO:** TIMOTHY F. KUSTER

4012 CYPRESS LANDING S.
WINTER HAVEN, FL 33884

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

  JASON S. REMER, ESQ.
  REMER & GEORGES-PIERRE, PLLC.
  44 WEST FLAGLER STREET
  SUITE 2200
  MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

Jun 28 2016

_____
DATE

_Shannon Fatu_
(BY) DEPUTY CLERK
SHANNON FATU



## EXHIBIT A

CASE NUMBER: 502016CA007131XXXXMB Division: AJ ****

Filing # 43216783 E-Filed 06/24/2016 04:07:26 PM

## <u>NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN</u>

I, Munir Rajab _____, hereby consent, in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act, to become a party plaintiff in this action against my employer, Arctic express _____, and to be represented by the attorneys of REMER & GEORGES-PIERRE, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

Sign Name: _____          Date: Dec 11, 2015 _____

Print Name: Munir Rajab



**SHARON R. BOCK**

CLERK & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

**RECEIPT**
1726308

Printed on:
06/28/2016  8:58 AM
Page 1 of 1

| Receipt Number: 1726308 - Date 06/28/2016    Time  8:58 AM | |
|---|---|
| **Received of:** | Jason S Remer<br>44 West Flagler Street<br>Miami, FL 33130 |
| **Cashier Name:** | ADMIN |
| **Cashier Location:** | E-Filing |
| **Receipt ID:** | 7908231 |
| **Division:** | AJ: Circuit Civil Central - AJ (Civil) |

| | |
|---|---|
| **Balance Owed:** | 421.00 |
| **Total Amount Paid:** | 421.00 |
| **Remaining Balance Owed:** | 0.00 |

| Case# 50-2016-CA-007131-XXXX-MB -- Plaintiff: RAJAB, MUNIR | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 421.00 | 421.00 | 0.00 |
| **Case Total** | **421.00** | **421.00** | **0.00** |

| Payments: | | |
|---|---|---|
| **Type:** | **Ref#:** | **Amount:** |
| EFILING | 15957639 | 421.00 |
| **Total Received** | | **421.00** |
| **Total Paid** | | **421.00** |

**How was your service today?** Please visit www.mypalmbeachclerk.com/survey or send your
feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

EXHIBIT A

Filing # 44846368 E-Filed 08/04/2016 03:57:31 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA.

CASE NO: 2016-CA-007131

MUNIR RAJAB,
and other similarly situated individuals,

      Plaintiff (s),

vs.

ARCTIC EXPRESS, LLC
a Florida Limited Liability Company and
CHRISTINE CHEN, Individually.

      Defendant (s).

_____/

### AMENDED SUMMONS IN A CIVIL CASE

**TO:** CHRISTINE CHEN

2001 Crow Cyn Rd Suite 200
San Ramon, CA 94583

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      JASON S. REMER, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment
by default will be taken against you for the relief demanded in the complaint. You must also file
your answer with the Clerk of this Court within a reasonable period of time after service.

Aug 08 2016

_____     _____
CLERK                     DATE

_____
(BY) DEPUTY CLERK

     Nidia Rios Gonzalez

EXHIBIT A

Filing # 44846368 E-Filed 08/04/2016 03:57:31 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA.

CASE NO: 2016-CA-007131

MUNIR RAJAB,
and other similarly situated individuals,

      Plaintiff (s),

vs.

ARCTIC EXPRESS, LLC
a Florida Limited Liability Company and
CHRISTINE CHEN, Individually.

      Defendant (s).

_____/

## AMENDED SUMMONS IN A CIVIL CASE

**TO:** ARCTIC EXPRESS, LLC, through its Registered Agent:

CHRISTINE CHEN
2001 Crow Cyn Rd Suite 200
San Ramon, CA 94583

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      JASON S. REMER, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment
by default will be taken against you for the relief demanded in the complaint. You must also file
your answer with the Clerk of this Court within a reasonable period of time after service.

Aug 08 2016

CLERK _____  DATE

(BY) DEPUTY CLERK

Nidia Rios Gonzalez



## EXHIBIT A

Filing # 44846368 E-Filed 08/04/2016 03:57:31 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA.

CASE NO: 2016-CA-007131

MUNIR RAJAB,
and other similarly situated individuals,

       Plaintiff (s),

vs.

ARCTIC EXPRESS, LLC
a Florida Limited Liability Company and
CHRISTINE CHEN, Individually.

       Defendant (s).

_____/

## AMENDED COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, Plaintiff, MUNIR RAJAB ("Plaintiff"), on behalf of himself and other current and former similarly situated employees, by and through undersigned counsel, file this Amended Complaint against Defendants, ARCTIC EXPRESS, LLC a Florida Limited Liability Company and CHRISTINE CHEN, Individually ("Collectively Defendants") and states as follows:

### JURISDICTION

1. This is an action by the Plaintiff, and other similarly-situated individuals, for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA"), to recover unpaid overtime and minimum wage compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

EXHIBIT A

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, residents in Palm Beach County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, ARCTIC EXPRESS, LLC, having its main place of business in Palm Beach County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, CHRISTINE CHEN, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, ARCTIC EXPRESS, LLC.

6. Venue is proper in Palm Beach because all of the actions that form the basis of this Complaint occurred within Palm Beach County and payment was due in Palm Beach County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff, MUNIR RAJAB was employed with Defendant as a non-exempt truck driver from approximately October, 2014 through October 2015.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would

EXHIBIT A

be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. During the time period from October, 2014 through October 2015, Defendant failed to compensate Plaintiff at the required minimum wage and at rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week. Plaintiff should be compensated at the correct minimum wage and the rate of one and a half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) per week, as required by the FLSA.

12. During the relevant time period Plaintiff performed approximately fifteen (15) hours of overtime each week for which Defendants failed to pay Plaintiff at one-and-one-half times his regular rate of pay.

13. Plaintiff was paid a salary of eighty dollars and zero cents ($80.00) per day during the relevant time period.

14. At all times material hereto Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

15. Additionally, when Plaintiff **MUNIR RAJAB** complained to Defendants regarding unpaid minimum wage and/ or overtime wages; defendants retaliated against Plaintiff by terminating Plaintiff's employment on or about October 2015.

<u>COUNT I</u>
*Wage & Hour Federal Statutory Violation Against*
*ARCTIC EXPRESS, LLC*

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

EXHIBIT A

17. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

18. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

19. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

20. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

21. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

22. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

EXHIBIT A

Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

23. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

24. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

25. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

26. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

EXHIBIT A

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**

*Wage & Hour Federal Statutory Violation Against CHRISTINE CHEN*
*(Non-Payment of Wages)*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

28. At the times mentioned, Defendant **CHEN** was, and is now, a corporate officer of corporate Defendant **ARCTIC EXPRESS, LLC.**

29. Defendant **CHEN** was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that Defendant **CHEN** acted directly in the interests of the corporate Defendant-employer in relation to the employees of the corporate Defendant-employer, including Plaintiff.

30. The FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"[1]

31. Based on this broad definition, Defendant **CHEN**, in his status as a corporate officer with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for unpaid wages."[2]

---

[1] *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)
[2] *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)

EXHIBIT A

32. Defendant **CHEN** willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant **AMSELLEM**:

    a.  Adjudge and decree that Defendant **CHEN** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    b.  Adjudge and decree that Defendant **CHEN** is an individual with operational control and is, thus, jointly and severally liable under the FLSA for unpaid wages at issue;

    c.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

    d.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

    f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

    g.  Grant Plaintiff a Trial by Jury.

<u>**COUNT III**</u>
*FLSA Retaliation Violation Against ARCTIC EXPRESS, LLC*

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

34. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this

Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

35. By terminating Plaintiff after his engagement in protected activity (complaint for unpaid wages) Defendant **ARCTIC EXPRESS, LLC.**'s conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

36. The motivating factor that caused Plaintiff's adverse employment action (termination) as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

37. Defendant **ARCTIC EXPRESS, LLC.**'s conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant **ARCTIC EXPRESS, LLC:**

A. Adjudge and decree that Defendant **ARCTIC EXPRESS, LLC** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant **ARCTIC EXPRESS, LLC** for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages;

C. Enter judgment against the Defendant **ARCTIC EXPRESS, LLC.** for all front wages;

D. Enter an award against Defendant **ARCTIC EXPRESS, LLC** and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

EXHIBIT A

F.  Grant Plaintiff a Trial By Jury.

## COUNT IV
*FLSA Retaliation Violation Against CHRISTINE CHEN*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15, of this complaint as if set out in full herein.

39. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

40. By terminating Plaintiff after his enegagement in protected acitivty (complaint for unpaid wages), Plaintiff's FLSA right against retaliation was violated.

41. As stated above, the FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"

42. Based on this broad definition, Defendant CHEN, in his status as an individual with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for claims, such a retaliation.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant CHEN:

A.  Adjudge and decree that Defendant CHEN, in his status as an individual with operation control is deemed jointly and severally liable for Plaintiff's retaliation claim;

EXHIBIT A

B. Enter judgment against the Defendant **CHEN** for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages;

C. Enter judgment against the Defendant **CHEN** for all front wages;

D. Enter an award against Defendant **CHEN** and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff a Trial By Jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated _____8 - 4 - 16_____

Respectfully submitted,

_____
Jason S. Remer, Esq.
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

EXHIBIT A



**SHARON R. BOCK**

CLERK & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

**RECEIPT**
1782835

Printed on:
08/08/2016  7:52 AM
Page 1 of 1

| Receipt Number: 1782835  - Date  08/08/2016    Time  7:52 AM | | |
|---|---|---|
| **Received of:** | Jason S Remer 44 West Flagler Street Miami, FL 33130 | |
| **Cashier Name:** | ADMIN | **Balance Owed:**   20.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:**   20.00 |
| **Receipt ID:** | 7968433 | **Remaining Balance Owed:**   0.00 |
| **Division:** | AJ: Circuit Civil Central - AJ (Civil) | |

| Case# 50-2016-CA-007131-XXXX-MB -- Plaintiff: RAJAB, MUNIR | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 20.00 | 20.00 | 0.00 |
| **Case Total** | **20.00** | **20.00** | **0.00** |

| Payments: | | |
|---|---|---|
| **Type:** | **Ref#:** | **Amount:** |
| EFILING | 16273430 | **20.00** |
| **Total Received** | | **20.00** |
| **Total Paid** | | **20.00** |

**How was your service today?** Please visit www.mypalmbeachclerk.com/survey or send your
feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

# EXHIBIT A

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

MUNIR RAJAB, and other similarly
situated individuals,

      Plaintiff,

vs.

CASE NO. 2016-CA-007131

ARCTIC EXPRESS, LLC
A Florida Limited Liability Company
and
CHRISTINE CHEN, Individually.

      Defendant(s).

_____

## <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

      Defendants, ARCTIC EXPRESS, LLC and CHRISTINE CHEN, pursuant to 28 U.S.C. §

1446(d), filed its Notice of Removal of Civil Action to Federal Court under 28 U.S.C. § 1331 in

the U.S. District Court for the Southern District of Florida on September 21, 2016.  A copy of

Defendants' Notice of Removal of Civil Action to Federal Court is attached to this Notice as

**Exhibit "1."**


      **[REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]**


EXHIBIT A

Dated: September 21, 2016

Respectfully submitted,


By: s/Patrick G. DeBlasio, III
     Patrick G. DeBlasio, III
     Florida Bar No.: 0871737
     E-mail: pdeblasio@littler.com
     Lindsay M. Alter
     Florida Bar No.: 103237
     E-mail: lalter@littler.com
     LITTLER MENDELSON, P.C.
     Wells Fargo Center
     333 SE 2nd Avenue, Suite 2700
     Miami, FL  33131
     Telephone:  305.400.7500
     Facsimile:   305.675.8497

     Attorneys for Defendants
     *ARCTIC EXPRESS, LLC and*
     *CHRISTINE CHEN*
     .

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this <u>21st</u> day of September 2016, I electronically filed the

foregoing with the Clerk of the Court by using the E-File system and a correct copy of the

foregoing has been furnished via E-mail to:

Jason S. Remer, Esq.
REMER & GEORGES-PIERRE, PPL
44 West Flagler Street
Suite 2200
Miami, FL 33130
Tel.: 305.416-3000
Fax: 305.416-5005
E-mail:jremer@rgpattorneys.com


     /s/ Patrick G. DeBlasio, III
     Patrick G. DeBlasio, III

Firmwide:142845163.3 068528.1006

EXHIBIT A